United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

JOHN MICHAEL ADSHADE,                  §
                                       §
          *Petitioner*,                §
                                       §
v.                                     §          CIVIL ACTION H-16-1707
                                       §
LORIE DAVIS,                           §
                                       §
          *Respondent*.                §

## MEMORANDUM OPINION AND ORDER

Petitioner filed this section 2254 habeas petition challenging his conviction and 20-year sentence for aggravated robbery with a deadly weapon. Respondent filed a motion for summary judgment on August 11, 2016 (Docket Entry No. 8), and served petitioner a copy at his address of record on the same date. Despite expiration of a reasonable period of time in excess of forty-five days, petitioner has failed to respond to the motion for summary judgment, and the motion is deemed uncontested.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner pleaded guilty to aggravated robbery with a deadly weapon, enhanced, and was sentenced to twenty years' incarceration pursuant to a plea bargain. No direct appeal

was taken, and his application for state habeas relief was denied by the Texas Court of Criminal Appeals.

Petitioner raises the following grounds for federal habeas relief:

1.  Trial counsel was ineffective in

    a.  failing to investigate,

    b.  giving erroneous advice to plead guilty,

    c.  failing to object to a false enhancement charge, and

    d.  failing to object to an incorrect sentence range.

2.  His guilty plea was involuntary due to an incorrect punishment range and a false promise of shock probation.

3.  His sentence was illegally enhanced.

Respondent argues that petitioner's claims are without merit.

### The Applicable Legal Standards

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U .S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court

decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.  "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102.  As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.  It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.  Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

4

facts must be construed in the light most favorable to the nonmovant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Involuntary Plea*

Petitioner argues that his guilty plea was involuntary because he was given an incorrect punishment range and was promised shock probation.

In rejecting petitioner's claims on state collateral review, the trial court made the following relevant findings of fact:

> 7.  The trial court properly admonished the applicant as to the charge against him, the range of punishment, and the consequences of his plea in accordance with TEX. CRIM. PROC. CODE ANN. Art. 26.13.
>
> 8.  The Court finds that the applicant's plea was voluntary.

*Ex parte Adshade*, at 63 (record, case citations omitted).

The state trial court also made the following relevant conclusions of law:

> 6.  Based on the totality of the circumstances in the primary case, the applicant's plea was knowingly and voluntarily made.
>
> 7.  Because the applicant fails to overcome the presumption of regularity created in the trial court records, he fails to demonstrate that his plea was involuntary.
>
> 8.  The applicant fails to demonstrate that his punishment, within the statutory range of punishment for the offense committed, was grossly disproportionate or cruel and unusual.

5

9.      In all things, the applicant fails to show that his conviction and sentence were improperly obtained.

*Ex parte Adshade*, at 63–64 (citations, internal quotations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

The plea records support the state court's findings and conclusions, and refute petitioner's bald assertions. Petitioner presents no probative summary judgment evidence in support of his claim, and his conclusory allegations are unsupported and insufficient to preclude summary judgment dismissal. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although *pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (internal quotation omitted). Petitioner fails to meet his burden of proof under AEDPA, and his claim has no merit.

The state court rejected petitioner's claim that his guilty plea was involuntary. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Improper Enhancement*

Petitioner claims that his punishment was improperly enhanced because the enhancement paragraph was false.

The state court record shows that petitioner entered a plea of "true" to the enhancement paragraph. *Ex parte Adshade*, at 71, 77. It is well established that a plea of "true" to an enhancement paragraph waives any subsequent challenge to the validity of a prior conviction. *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995); *Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987). Consequently, petitioner waived any challenge to the validity of the enhancement paragraph or the facts presented in that paragraph when he pleaded true.

Regardless, the state court rejected the merits of petitioner's argument. In denying habeas relief, the state trial court made the following relevant findings of fact:

> 5. The Court finds the indictment in the primary case contained an enhancement paragraph alleging the Defendant had previously been convicted of the felony offense of aggravated assault in cause no. 2005005365 in the 314th District Court of Harris County on December 17, 2003.
>
> 6. The Court finds the applicant was in fact previously convicted of aggravated assault in cause no. 2005-00536J in the 314th District Court of Harris County on August 17, 2005.

The state trial court also made the following relevant conclusion of law:

> 1. The variances between the indictment and the proof of cause numbers and dates of conviction in the enhancement paragraph in the primary case were not material.

*Ex parte Adshade*, at 63–64 (record, case citations omitted).

The state court determined that, under state law, the variance between the cause numbers and dates were not material and did not cause petitioner's punishment to be

7

improperly enhanced.  This Court must defer to the state court's determination of state law. Federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).  Federal courts do "not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted).  Petitioner does not show that the variance between the two cause numbers or dates gave rise to an issue of federal constitutional dimension.

The state court rejected petitioner's claim that his sentence was illegally enhanced. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient

performance. *Id*. at 687. The failure to demonstrate deficient performance or prejudice is fatal to a *Strickland* claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

The Supreme Court recently emphasized in *Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court.  Under AEDPA, though, it is a necessary premise that the two questions are different.  For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.  A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

 562 U.S. at 101 (internal quotation omitted).

In context of a guilty plea, a habeas petitioner may establish the requisite prejudice only by demonstrating a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty and would have insisted upon going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

The Court notes at the onset that petitioner in this proceeding has made no allegation that, but for counsel's alleged deficiencies, he would have insisted upon going to trial.

Petitioner claims that counsel was ineffective in the following particulars:

*Failure to Investigate*

Petitioner claims in general terms that trial counsel failed to investigate the case prior to advising him to plead guilty.

10

To prevail on a claim for ineffective assistance of counsel predicated on failure to investigate, a habeas petitioner must allege and show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). Petitioner must provide factual support as to what evidence further investigation would have revealed and how it would have benefitted the defense. *Id*. "Without a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court cannot even begin to apply *Strickland*'s standards." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner here did nothing more than state in his petition that trial counsel failed to investigate the case. His conclusory claim of ineffectiveness is unsupported by any probative evidence in the record, and is insufficient to preclude the granting of summary judgment. Conclusory allegations of ineffective assistance of counsel are insufficient to warrant habeas relief. *See Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002). In light of this lack of specificity, petitioner fails to demonstrate either deficient performance or prejudice, and no *Strickland* claim is established.

The state court rejected petitioner's claim that trial counsel was ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Erroneous Plea Advice*

Petitioner asserts that trial counsel was ineffective in providing him erroneous plea advice. He complains, again, that he was given an incorrect sentencing range and that he was promised shock probation.

In rejecting petitioner's claim, the state trial court made the following relevant findings of fact:

> 7.    The trial court properly admonished the applicant as to the charge against him, the range of punishment, and the consequences of his plea in accordance with TEX. CRIM. PROC. CODE ANN. Art. 26.13.
>
> 8.    The Court finds that the applicant's plea was voluntary.

*Ex parte Adshade*, at 63 (record, case citations omitted).

The state trial court also made the following relevant conclusions of law:

> 2.    The applicant fails to demonstrate that trial counsel's representation fell below an objective standard of reasonableness or that with a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
>
> 3.    The applicant fails to demonstrate that counsel provided representation that amounted to incompetence under prevailing professional norms.
>
> 4.    The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of trial counsel.
>
> 5.    The applicant fails to show that but for any deficient representation, he would not have pled guilty and would have insisted on going to trial.
>
> 6.    Based on the totality of the circumstances in the primary case, the applicant's plea was knowingly and voluntarily made.

7.      Because the applicant fails to overcome the presumption of regularity created in the trial court records, he fails to demonstrate that his plea was involuntary.

8.      The applicant fails to demonstrate that his punishment, within the statutory range of punishment for the offense committed, was grossly disproportionate or cruel and unusual.

9.      In all things, the applicant fails to show that his conviction and sentence were improperly obtained.

*Ex parte Adshade*, at 63–64 (citations, internal quotations omitted). The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id*., at cover.

This Court has already rejected petitioner's underlying argument that he was given an incorrect sentencing range at punishment. Thus, petitioner cannot successfully contend that counsel incorrectly advised him as to the sentencing range at punishment.

Moreover, neither petitioner nor the record shows that he was promised shock probation as part of the plea bargain agreement. In absence of any probative summary judgment to support petitioner's claim, the claim must be dismissed. *See Koch*, 907 F.2d at 530 ("Although *pro se* habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (internal quotation omitted).

The state court rejected petitioner's claim that trial counsel was ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable

application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Objectionable Enhancement*

Petitioner next alleges that trial counsel failed to object to false charges used for enhancement purposes.  The Court has already rejected petitioner's underlying argument that the enhancement paragraph was false.  Accordingly, petitioner fails to show that counsel was deficient in not objecting to the enhancement paragraph.  *See Koch*, 907 F.2d at 527 ("This Court has made clear that counsel is not required to make futile motions or objections.").

The state court rejected petitioner's claim that trial counsel was ineffective.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  Respondent is entitled to summary judgment dismissal of this claim.

*Incorrect Sentence Range*

Petitioner argues that trial counsel failed to object to an incorrect sentencing range at punishment.  The Court has already rejected petitioner's underlying argument that he was given an incorrect sentencing range at punishment.  Accordingly, petitioner fails to show that counsel was deficient in not objecting to the sentencing range.  *See Koch*, 907 F.2d at 527 ("This Court has made clear that counsel is not required to make futile motions or objections.").

The state court rejected petitioner's claim that trial counsel was ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### Conclusion

Respondent's motion for summary judgment (Docket Entry No. 8) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on September 30, 2016.

_____
Gray H. Miller
United States District Judge

15